LABARGA, C.J.,
concurring.
I concur in the conclusion of the majority that Hurst v. Florida and Hurst do not apply retroactively to those defendants whose death sentences became final prior to the issuance of Ring. However, I write separately to express my view that our decision today does not apply to those defendants whose death sentences were imposed based upon, and who are facing execution solely as a result of, a judicial override. There are only two death row defendants who satisfy this criteria—Matthew Marshall and William Zeigler, Jr.[19] The impact of Hurst v. Florida and Hurst upon their death sentences is an issue for another day.

. There is a third defendant who has a death sentence as a result of an override—Edward J. Zakrzewski, II. However, Zakrzewski received two additional death sentences for murders for which a jury issued recommendations of death. See Zakrzewski v. State, 717 So.2d 488, 491 (Fla. 1998). Therefore, Za-krzewski is not subject to execution purely by virtue of the actions of a judge.